In the

# United States Court of Appeals
## For the Seventh Circuit

No. 08-2980

LANELL ESKRIDGE and MARGARET ESKRIDGE,
individually and as Special Administrators of
the Estate of Michelle R. Eskridge, deceased,

*Plaintiffs-Appellants,*

*v.*

COOK COUNTY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 C 3884—**Blanche M. Manning**, *Judge.*

ARGUED MAY 28, 2009—DECIDED AUGUST 17, 2009

Before EVANS, WILLIAMS, and TINDER, *Circuit Judges.*

TINDER, *Circuit Judge.* After their daughter tragically
died of pneumonia, Lanell and Margaret Eskridge sued
two Chicago health care facilities for medical malpractice.
The case developed into multiple actions in both Illinois
and federal court, and, amid the procedural complexity,
the Eskridges' counsel made a critical error. In the

federal district court, counsel obtained a voluntary dismissal order that effectively precluded the Eskridges from pursuing their lawsuit. The Eskridges moved for relief from that order under Fed. R. Civ. P. 60(b), but the district court denied their motion. On appeal, the Eskridges face the formidable challenge of showing that the court abused its discretion in denying relief under Rule 60(b). We conclude that the Eskridges have not met this challenge.

## I. Background

In 2004, Michelle Eskridge sought treatment for pneumonia at Access Community Health Network, a Chicago health care facility that receives funding from the U.S. Public Health Service, and John H. Stroger, Jr. Hospital, a hospital operated by Cook County. On or about April 4, 2004, Michelle died of pneumonia while at the Stroger Hospital. In March 2005, Michelle's parents, Lanell and Margaret Eskridge, sued Access and Cook County for medical malpractice in the Illinois Circuit Court of Cook County. Because Access and its employees were deemed employees of the Public Health Service, the United States removed the case to federal court and converted the action against Access to one against the United States under the Federal Tort Claims Act ("FTCA"). *See* 42 U.S.C. § 233(a), (c). The district court then dismissed the United States without prejudice on the ground that the Eskridges had not exhausted their administrative remedies as required by the FTCA, and remanded the remainder of the case against Cook County to the Illinois Circuit Court.

In July 2006, after exhausting their administrative remedies, the Eskridges filed a second lawsuit, this time in federal court, against the United States and Cook County; they then voluntarily dismissed the first, re-manded state-court lawsuit against Cook County. As the second lawsuit progressed, the Eskridges decided to drop the United States as a defendant, get out of federal court, and proceed solely against Cook County in state court. So on September 13, 2007, the Eskridges filed a third lawsuit against Cook County in the Illinois Circuit Court. Shortly thereafter, the Eskridges moved in the federal lawsuit to voluntarily dismiss the "United States of America and County of Cook" without prejudice under Fed. R. Civ. P. 41(a). The district court granted the motion.

The Eskridges' counsel would come to regret this volun-tary dismissal of the second, federal lawsuit; back in state court, Cook County was sitting on a solid procedural defense to the Eskridges' third lawsuit. Under the Illinois limitations-saving statute, a plaintiff who voluntarily dismisses an action "may commence a new action within one year or within the remaining period of limita-tion, whichever is greater." 735 ILCS 5/13-217 (West 1994); *see also Hudson v. City of Chicago*, 889 N.E.2d 210, 214 n.1 (Ill. 2008) (explaining that the pre-1995 version of § 13-217 remains in effect due to the unconstitutionality of a subsequent amendment). The Illinois courts interpret this language to mean *only one* "new action," making the statute a "single refiling" rule. *Timberlake v. Illini Hosp.*, 661 N.E.2d 1145, 1146 (Ill. App. Ct. 1996), *aff'd*, 676 N.E.2d 634 (Ill. 1997). The Eskridges were now on their third

lawsuit, or second refiling, against Cook County. So Cook County seized on the statute and moved to dismiss the Eskridges' state-court action with prejudice.

The Eskridges quickly returned to federal court and moved under Fed. R. Civ. P. 60(b) for relief from the voluntary dismissal order that they obtained in the federal lawsuit. They argued that, when filing the voluntary dismissal motion, they intended to dismiss only the United States as a defendant and continue their case against Cook County in state court. On April 25, 2008, the district court denied the Eskridges' Rule 60(b) motion. The court reasoned that the Eskridges' claim that they intended to dismiss only the United States was not credible, since their voluntary dismissal motion explicitly mentioned both "the United States" and "County of Cook." The court further concluded that the Eskridges' counsel's "procedural misplay" in dismissing the federal lawsuit was not the type of "mistake or inadvertence" for which Rule 60(b) permits relief.

Rather than appealing the denial of their Rule 60(b) motion, the Eskridges filed a "motion for reconsideration" of the court's order denying relief, which is properly construed as a second Rule 60(b) motion. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir. 2000). Accompanying the motion was an affidavit from the Eskridges' counsel, who stated that he never intended to dismiss Cook County as a defendant and that he "understood that the lawsuit against Cook County Hospital would continue in state court." On July 22, 2008, the district court denied the motion, reasoning that coun-

sel's intention to continue a state-court action did not make the voluntary dismissal of Cook County from the "*federal* suit" mistaken or inadvertent.

The Eskridges filed a notice of appeal on August 1, 2008. Because that notice came within sixty days of the district court's July 22, 2008 order denying the motion for reconsideration but more than sixty days after the court's April 25, 2008 order denying relief under Rule 60(b), this court limited the Eskridges' appeal to review of the July order. *See* Fed. R. App. P. 4(a)(1)(B) (requiring that a notice of appeal in a case in which the United States is a party be filed within sixty days of the order appealed from).

## II.  Analysis

Under Fed. R. Civ. P. 60(b)(1), the district court "may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." In reviewing the district court's decision to deny relief under Rule 60(b), we apply an "extremely deferential" abuse of discretion standard. *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004). Because relief under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances," a district court abuses its discretion only when "no reasonable person could agree" with the decision to deny relief. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citations omitted).

In this case, our review is perhaps even more deferential because we address the district court's recon-

sideration of its own Rule 60(b) analysis. Recall that the Eskridges' appeal was timely only with respect to the order denying their "motion for reconsideration" of the court's earlier order denying relief under Rule 60(b). We deem this motion for reconsideration to be a second Rule 60(b) motion. *See Bell*, 214 F.3d at 800. So while the district court already acted with "discretion piled upon discretion" in denying the Eskridges' first Rule 60(b) motion, *McCormick*, 230 F.3d at 327 (7th Cir. 2000) (citation omitted), the court's denial of the second motion involved even more layers of discretion.

Examined under this highly deferential standard of review, the district court's judgment must stand. As the court recognized, the Eskridges' counsel's procedural error does not fit neatly into the categories of relief identified by Rule 60(b)(1). An inadvertent "mistake" that might justify relief typically involves a misunderstanding of the surrounding facts and circumstances. *See McCormick*, 230 F.3d at 327 (finding no "mutual mistake" concerning the progress of a settlement agreement that would justify relief from a dismissal order); *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) ("[Rule 60(b)] was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law."). In contrast, the Eskridges' counsel—the same counsel who represented the Eskridges through all iterations of their lawsuit—made a "mistake of law" in voluntarily dismissing the second, federal suit without recognizing Cook County's defenses in the third, state suit. *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998); *see also Bell*, 214 F.3d at

800 (concluding that the mistake of filing a Rule 60(b) motion instead of a timely appeal did not justify relief); *Tobel v. City of Hammond*, 94 F.3d 360, 361-62 (7th Cir. 1996) (declining to excuse the plaintiffs' counsel's ignorance of a court rule requiring prompt, responsive briefings); *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 877-78 (7th Cir. 1996) (concluding that the plaintiff's counsel's citation of an incorrect jurisdictional provision, resulting in the dismissal of the suit, was not excusable neglect); *cf. Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000) (Rule 60(b) "is not intended to correct mere legal blunders" made by the district court, which are correctable on direct appellate review.).

It is also difficult to characterize the voluntary dismissal order as the result of excusable "neglect," since the district court entered that order on the Eskridges' own motion. Parties frequently cite the "excusable neglect" prong of Rule 60(b)(1) when seeking relief from the consequences of attorney delay or inattentiveness. *See Harrington v. City of Chicago*, 433 F.3d 542, 546-48 (7th Cir. 2006) (concluding that the plaintiffs' counsel lacked an excuse for failing to respond to discovery orders and appear at a status conference); *Easley*, 382 F.3d at 697-98 (finding that the plaintiff's counsel's failure to comply with motions deadlines was not excusable neglect); *Castro v. Bd. of Educ. of Chi.*, 214 F.3d 932, 934-35 (7th Cir. 2000) (addressing whether the plaintiff's counsel's failure to timely file a pretrial order was excusable neglect). Here, the district court's dismissal of the Eskridges' lawsuit was not a sanction for their counsel's neglect; rather, their counsel asked for that dismissal. Since counsel made a

"deliberate, strategic choice" to dismiss the federal lawsuit and proceed against Cook County in state court, counsel's incorrect assessment of the consequences of that choice did not compel relief under Rule 60(b). *See McCormick*, 230 F.3d at 327.

We do not say that the type of legal error that occurred here, based on the pitfalls of parallel federal and state lawsuits, could never justify relief under Rule 60(b). *Cf. Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006) (characterizing the voluntary dismissal of a federal habeas petition that could not be refiled as a "mistake" within the meaning of Rule 60(b)(1)). Even here, other "relevant circumstances" highlighted by the Eskridges, including their sunk litigation costs and interest in reaching the merits of their case, might have convinced a different district judge to excuse their counsel's procedural error. *See Webb*, 147 F.3d at 622 (describing the equitable nature of relief under Rule 60(b)).

Still, the test on abuse of discretion review is not whether the district court might have decided differently, but whether the court's denial of the Eskridges' Rule 60(b) motion was unreasonable. *See McCormick*, 230 F.3d at 327. In this case, the district judge reasonably concluded that the Eskridges did not qualify for the extraordinary remedy provided by Rule 60(b). The judge reasoned that the Eskridges, having explicitly asked for a voluntary dismissal of "Cook County" from the federal lawsuit, could not claim that this dismissal resulted from "mistake" or "inadvertence." The judge also appreciated the gravity of the decision to deny relief, a decision that

effectively precluded the Eskridges from trying the merits of their claims arising out of their daughter's death. Nonetheless, the judge did not view that unfortunate result as sufficient to convert the Eskridges' counsel's "procedural misplay" into a basis for relief under Rule 60(b). Indeed, reinstating the Eskridges' lawsuit under Rule 60(b) would only shift the burden of their counsel's error to the district court and the defendant. *See Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003). Though not before us, these facts suggest that the Eskridges may have the alternative remedy of an attorney malpractice action, which, unlike a successive Rule 60(b) motion, would limit the additional litigation costs to the clients and attorney accountable for the error. *See id.*; *Easley*, 382 F.3d at 699-700 & n.6.

Bottom line, the circumstances in support of the Eskridges' Rule 60(b) motion were not so compelling that the district court abused its considerable discretion in denying relief. *See Castro*, 214 F.3d at 935 (Although "the circumstances of the present case may arguably constitute excusable neglect . . . they do not compel that conclusion."); *Webb*, 147 F.3d at 622 ("The district court was not obliged to relieve [the defendant] of the burden of a unilateral mistake of law . . . ."). The court's judgment is AFFIRMED.