NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 12, 2011[*]
Decided January 31, 2011

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-1062

| | |
|---|---|
| VARNADOR SUTTON, | Appeal from the United States District |
|     *Petitioner-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
|     *v.* | |
| | No. 1:10-cv-00552-LJM-TAB |
| UNITED STATES OF AMERICA, | |
|     *Respondent-Appellee*. | Larry J. McKinney, *Judge* |

**O R D E R**

In 2008, Varnador Sutton was convicted of health care fraud, *see* 18 U.S.C. § 1347, and sentenced to the statutory maximum of ten years' imprisonment. We affirmed his conviction on appeal, but vacated and remanded for resentencing. *United States v. Sutton*, 582 F.3d 781, 785-86 (7th Cir. 2009). Specifically, we instructed the district court to recalculate Sutton's advisory Guidelines' range without a six-level upward adjustment for more than 250 victims. U.S.S.G. § 2B1.1(b)(2)(C); *Sutton*, 582 F.3d at 786. On remand, the district court reimposed the statutory maximum of ten years' imprisonment. Sutton appealed from the resentencing, and his appeal (No. 09-4140) is currently pending.

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b).

Meanwhile, Sutton moved in the district court to vacate or set aside his sentence under 28 U.S.C. § 2255.  Reasoning that Sutton's pending appeal rendered his § 2255 motion premature, the district court dismissed the motion without prejudice.  Sutton then sought reconsideration of the district court's decision, arguing that because his § 2255 motion dealt with an issue resolved in the direct appeal and unaffected by his resentencing, the pending appeal from resentencing was irrelevant.  The district court denied Sutton's motion.  Sutton then moved once again for reconsideration, arguing that he had presented "extraordinary circumstances" that warranted overlooking the general rule against entertaining § 2255 motions while a direct appeal is pending.  Using the prison mailbox rule, Sutton filed his motion 29 days after the district court entered its original judgment.  The district court thus treated it as a 60(b) motion and denied it because it did not raise grounds warranting relief under Rule 60(b).

Sutton appeals.  He reiterates his argument that his § 2255 motion, which attacks the district court's loss calculation at his original sentencing, presents "extraordinary circumstances" and so is amenable to consideration while his appeal is still pending.  He claims that this argument warrants relief from judgment under Rule 60(b) and so the district court abused its discretion when it denied his motion.  We disagree.  Sutton's claim of "extraordinary circumstances" hinges on his belief that he should be able to pursue his § 2255 motion because he is seeking relief from the district court's loss calculation at his original sentencing and his current pending appeal addresses the distinct issue of a victim adjustment.  Sutton's belief that this particular set of facts creates "extraordinary circumstances" is a claim that the district court committed a legal error by dismissing his § 2255 motion without prejudice—i.e., that the district court erred by failing to acknowledge the existence of so-called "extraordinary circumstances."  As the district court recognized, such a legal argument does not provide grounds for relief from judgment under Rule 60(b). *See* Fed. R. Civ. P. 60(b)(1) (listing grounds for relief from judgment); *Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000) (Rule 60(b) not intended to correct "mere legal blunders").  The district court did not abuse its considerable discretion in denying Sutton's Rule 60(b) motion.  *See Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009) (referencing "extremely deferential" abuse of discretion standard applicable to review of Rule 60(b) denials) (internal quotations omitted).

AFFIRMED.