**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 25, 2011[*]
Decided October 25, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 11-2598 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| KELLY P. TENINTY, *Plaintiff-Appellant,* | |
| | No. 08 C 5287 |
| *v.* | |
| | Robert M. Dow, Jr., |
| JOHN McHUGH, Secretary of the Army, *Defendant-Appellee.* | *Judge.* |

**O R D E R**

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Kelly Teninty sued the United States Army claiming that she was fired from her civilian job because of her race, her gender, and a disability. She lost at summary judgment, but instead of appealing that adverse decision, she moved under Federal Rule of Civil Procedure 60(b) to have the judgment vacated. The district court denied that motion, and Teninty appeals.

Teninty worked as a health technician at the Army's Military Entrance Processing Station in Chicago. From the beginning her supervisors raised performance concerns, and after just eight months she was fired. Teninty sued, *see* 42 U.S.C. §§ 1981, 2000e-5(f)(1), 12117, and the district court recruited counsel to represent her. Teninty helped her lawyer identify potential witnesses, and she sat for a deposition and answered interrogatories. But in August 2010, shortly before the Army moved for summary judgment, Teninty was admitted to a "day hospital" for treatment of depression. Teninty's lawyer obtained a continuance and responded to the motion for summary judgment in early October, two weeks after Teninty had improved enough to be released from the day hospital. In granting summary judgment for the Army, the district court concluded that there was not enough evidence for a jury reasonably to find for Teninty on any of her claims.

Teninty did not appeal, and her lawyer withdrew. Six weeks after the judgment was entered, Teninty filed her pro se motion under Rule 60(b). She argued that the grant of summary judgment should be vacated on the ground that she had "newly discovered" evidence. She also argued that her hospitalization had prevented her from assisting her lawyer in opposing summary judgment. The district court reasoned, however, that all of the evidence characterized by Teninty as newly discovered was in fact possessed by her lawyer when Teninty opposed the Army's motion for summary judgment. The court explained that, although Teninty may not have seen every item of evidence until after counsel had withdrawn and handed over the file, that did not make the evidence newly discovered. The court also rejected Teninty's assertion that she had not been able to assist her attorney. The court noted that Teninty had two weeks after her release from the hospital to review counsel's opposition to the motion for summary judgment. And, the court added, Teninty could have sought leave to file a supplemental response during the six months before the motion was granted if she identified a crucial argument that counsel had missed.

On appeal Teninty first argues that the district court should have vacated the judgment under Rule 60(b)(2) because she possesses newly discovered evidence. But rather than contest the district court's finding that she had not identified "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," FED. R. CIV. P. 60(b)(2), Teninty emphasizes that she did not know her lawyer had the evidence. But, as the district court noted, evidence in her lawyer's possession does not qualify as "newly discovered." *See Fye v. Okla. Corp. Comm'n*,

516 F.3d 1217, 1224 (10th Cir. 2008); *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003).

Teninty next argues that the district court abused its discretion in denying her motion because, she maintains, her depression prevented her from assisting counsel in opposing summary judgment. As with her motion to the district court, Teninty does not explain what she would have done to defeat summary judgment if she had been able to further assist her lawyer, other than asserting that her lawyer overlooked some evidence. Vacating a judgment under Rule 60(b) is an extraordinary remedy, granted only in exceptional circumstances, and we review the denial of such a motion under a deferential abuse-of-discretion standard. *See Eskridge v. Cook Cnty.*, 577 F.3d 806, 808–09 (7th Cir. 2009). Here, the district court reasonably concluded that Teninty had not identified any mistake, inadvertence, surprise, or excusable neglect that was caused by her limited assistance, *see* FED. R. CIV. P. 60(b)(1); *Eskridge*, 577 F.3d at 809–10, and Teninty has not demonstrated extraordinary circumstances that would justify relief under the catchall provision of Rule 60, *see* FED. R. CIV. P. 60(b)(6); *Bakery Mach. & Fabrication Inc. v. Traditional Baking Inc.*, 570 F.3d 845, 848–49 (7th Cir. 2009).

Accordingly, we **AFFIRM** the judgment of the district court.