NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois  60604

Argued May 29, 2012
Decided August 7, 2012

**Before**

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1623

|  |  |
|---|---|
| ANGELA EDWARDS-BROWN,<br>*Plaintiff-Appellant*, | Appeal from the<br>United States District Court for the<br>Northern District of Illinois,<br>Eastern Division. |
| *v.* | |
| | No. 09 C 1022 |
| CRETE-MONEE 201-U SCHOOL<br>DISTRICT, et al.,<br>*Defendants-Appellees*. | Matthew F. Kennelly,<br>*Judge*. |

**O R D E R**

In early 2009 Angela Edwards-Brown ("Brown") sued the Crete-Monee 201-U School District and other defendants alleging constitutional violations arising from the death of her son in June 2008. After several iterations of pleadings and temporary representation by two pro bono attorneys recruited by the district court, Brown filed a pro se motion voluntarily dismissing her case on October 26, 2009. The district court granted the motion in an order entered on November 17, 2009. On November 16, 2010, Brown moved to reinstate her case,

citing Rule 60(b) of the Federal Rules of Civil Procedure. The district court denied the motion as untimely. The court explained that the only arguable basis for the motion was Rule 60(b)(1), which allows the court to grant relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect." But a one-year time limit applies to such motions, *see* FED. R. CIV. P 60(c)(1), and Brown's motion was filed more than a year after she voluntarily dismissed her case.

We affirm. Voluntary dismissals are self-executing when filed prior to any responsive pleadings by the defendants. The dismissal was therefore effective on October 26, 2009, and the district court's order of November 17, 2009, was superfluous. Brown's motion to reinstate was filed more than a year after the voluntary dismissal, so the district court properly denied it as untimely.

## I. Background

During the 2007-2008 school year, Brown's 17-year-old son, Jason Edwards, was a student at Crete-Monee High School in Crete, Illinois. Jason had problems with disruptive behavior, tardiness, and unexcused absences during that year, and several discipline referrals were sent home to Brown. Jason went missing in May 2008. Brown contends that the school district or local police released him to his father, his noncustodial parent. On June 23, 2008, Jason was fatally shot in front of his father's house in Chicago. Brown claims that the negligence of various school and police officials led to his death.

On February 17, 2009, Brown filed a pro se complaint in federal court in the Northern District of Illinois, asserting claims under 42 U.S.C. § 1983 and naming as defendants the Crete-Monee school district, the Crete Police Department, and the Illinois Department of Children and Family Services ("DCFS"). The district court on its own motion dismissed the Crete Police Department and the DCFS as defendants, but allowed Brown to file an amended complaint. She did so, naming the Village of Crete and many individual employees of the school district and police department as defendants. On May 14, 2009, the district court asked Attorney Robert Geimer to serve as Brown's counsel pro bono. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007). Geimer agreed, but soon filed a motion seeking leave to withdraw. On June 16, 2009, the court granted this motion, and two days later asked Attorney Michael Bruck to step in as new counsel. Bruck accepted the appointment, but on August 20, 2009, he, too, moved to withdraw, noting that he could find no good-faith basis for the claims Brown sought to advance. The judge allowed Bruck to withdraw and declined to recruit another pro bono attorney. Brown filed a second amended complaint on September 16, 2009, and the following month the defendants moved to dismiss.

On October 26, 2009, and again on November 10, 2009, Brown filed motions to voluntarily dismiss her case, telling the court that her mother had recently died. On November 17, 2009, the district court issued an order granting the motion. Almost a year later, on November 16, 2010, Brown moved to reinstate her case, citing Rule 60(b).[1]

In an order dated February 16, 2011, the court denied the motion as time-barred. The judge began by clarifying that Brown's October 26, 2009 "motion" for voluntary dismissal was actually a *notice* of dismissal under Rule 41(a)(1) and it took effect automatically on the date it was filed. FED. R. CIV. P. 41(a)(1). The judge doubted that a Rule 41(a)(1) dismissal qualified as a "final judgment, order, or proceeding" under Rule 60(b), but held that relief was unavailable even if the rule applied. The "only conceivable ground[]" for Rule 60(b) relief, he said, was "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1). But motions for relief on this basis must be filed within a year of the judgment, *see* FED. R. CIV. P. 60(c)(1), and Brown's motion was filed on November 17, 2010, more than a year after the October 26, 2009 dismissal. The judge also explained that the option of filing a new lawsuit was no longer available because the two-year statute of limitations for § 1983 claims in Illinois had long since expired, along with the one-year tolling period under Illinois law, which permits litigants to refile a voluntarily dismissed case within one year after dismissal. Brown appealed.

## II. Discussion

Brown makes several arguments related to her pro bono counsel and the district court's calculation of the relevant statute of limitations, but the only issue properly before us is whether the district court erred in denying Brown's motion to reinstate her case under Rule 60(b).[2] We review the court's denial of a Rule 60(b) motion for abuse of discretion. *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011).

We note first that the district court properly construed Brown's "motion" for voluntary dismissal as a notice of voluntary dismissal under Rule 41(a)(1). That she incorrectly called it a "motion to dismiss" is irrelevant. *See Smith v. Potter*, 513 F.3d 781, 783

---

[1] Brown also cited Rule 61, but that rule deals with the harmless-error standard for evidentiary decisions and has nothing to do with this case.

[2] After she appealed the court's February 16 order denying her motion to reinstate, Brown filed a flurry of successive Rule 60(b) motions in the district court, all denied, and later sought to amend her notice of appeal to include the later orders. We denied this request and are not inclined to revisit that decision.

(7th Cir. 2008) (holding that a "motion to voluntarily dismiss the plaintiff's complaint" was, despite its title, actually a Rule 41(a)(1) notice of dismissal). A voluntary dismissal filed before any responsive pleading is filed is self-executing and automatically effects dismissal of the case. *See id.* at 782 ("The miscaptioned motion itself effected the dismissal of the suit; the case was gone; no action remained for the district judge to take."). The defendants had moved to dismiss under Rule 12(b)(6), but a motion to dismiss is not a responsive pleading. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 n.2 (7th Cir. 1998). The dismissal of Brown's suit was therefore effective on October 26, 2009, the date on which she filed the "motion" for voluntary dismissal—not on November 17, 2009, the date on which the court issued the superfluous order "granting" the motion.

Voluntary dismissal under Rule 41(a)(1) generally means the suit is treated as if it was never filed in the first place, but there are exceptions to this rule, and dismissal "does not deprive a district court of jurisdiction for all purposes." *Nelson*, 657 F.3d at 589. For example, courts may consider collateral questions, such as Rule 11 sanctions or criminal contempt charges, even after the original suit is voluntarily dismissed. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990). We have also stated that "there may be instances where a district court may grant relief under Rule 60(b) to a plaintiff who has voluntarily dismissed the action," *Nelson*, 657 F.3d at 589—assuming, of course, that a proper basis under Rule 60(b) is present.

But motions for relief under Rule 60(b)(1), (2), and (3) "must be made . . . no more than a year after the entry of judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). And although Brown was not entirely clear about the grounds for reinstatement, the district court was right to conclude that the only arguable basis for relief was "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1). The motion was filed on November 16, 2010, more than a year after the voluntary dismissal was effective, and it was therefore untimely. Strict enforcement of the time bar might seem harsh, especially because Brown is a pro se litigant and might have been misled by the district court's unnecessary order "granting" her motion to dismiss. But this one-year deadline is jurisdictional, and courts lack discretion to extend it. *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). The district court therefore correctly held that Brown's Rule 60(b) motion was time-barred.[3]

---

[3] Rule 60(b)(6) is a catch-all provision that authorizes relief from judgment for "any other reason that justifies relief," and motions under this residual clause are not subject to the one-year time limit. Rather, they must be made only "within a reasonable time." FED. R. CIV. P. 60(c)(1). But relief under Rule 60(b)(6) is not available "if the asserted ground for relief falls within one of the enumerated grounds for relief subject to the one-year time limit of Rule 60(b)." *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). In other words, plaintiffs cannot fall back on the residual clause just because they miss the one-year deadline applicable to motions based on Rule 60(b)(1), (2), and

(continued...)

Apart from the time bar, it's hard to see how relief under Rule 60(b) would ever be available for a plaintiff like Brown who has made a conscious, deliberate decision to dismiss a lawsuit. Brown suggests that she should be allowed to rescind her voluntary dismissal because of "excusable neglect," but her conduct does not fall in this category. Excusable neglect under Rule 60(b)(1) covers unintentional omissions, such as missed filing deadlines; it does not apply to a plaintiff's *deliberate* actions. *See Eskridge v. Cook County*, 577 F.3d 806, 810 (7th Cir. 2009) (affirming the denial of Rule 60(b) relief where plaintiffs "explicitly asked for a voluntary dismissal"; having made that request deliberately, plaintiffs "could not claim that this dismissal resulted from 'mistake' or 'inadvertence'"). Nor can it be characterized as a "mistake." *See McCormick v. City of Chicago*, 230 F.3d 319, 327-28 (7th Cir. 2000) (finding that a party's deliberate choice, later regretted, did not constitute a "mistake" within the meaning of Rule 60(b)(1)). To whatever extent Rule 60(b) authorizes relief from a voluntary dismissal under Rule 41(a)(1), it cannot apply simply because Brown has made a decision she now regrets.

Brown has not argued that we should construe her motion as a new complaint—indeed, her district-court filings explicitly disclaim this intention. Even if she had made this argument, it would be improper for us to take a filing structured as a motion—and a bare-bones one at that—and construe it as a complaint. *See Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) (explaining that "courts give effect to the substance of a document and not to its caption" but nevertheless emphasizing the basic substantive distinction between pleadings and motions). The district court properly denied the Rule 60(b) motion as untimely.

AFFIRMED.

---

[3](...continued)
(3). Brown was trying to invoke the factors listed in Rule 60(b)(1)—indeed, her motion cannot plausibly be read otherwise—so the one-year time limit is dispositive.