NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2017[*]
Decided September 25, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1343

| | |
|---|---|
| LARRY GOODMAN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 16 C 9387 |
| COOK COUNTY and | |
| CITY OF CHICAGO, | Charles P. Kocoras, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

Larry Goodman, an Illinois prisoner, sued the City of Chicago and Cook County, Illinois, under 42 U.S.C. § 1983 more than two years after police officers searched his home, allegedly without a warrant. The district court dismissed the case as untimely because Goodman filed it after the two-year filing deadline. Goodman offered two arguments to extend the deadline—he asserted that he had received bad legal advice

---

[*] The defendants were not served in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

and has a mental illness. But the judge properly ruled that neither argument justified an extension, so we affirm the judgment.

Goodman filed his complaint in September 2016. He alleges that the police searched his home in July 2014 after a neighbor with whom Goodman had been quarreling called the police to report that Goodman had a gun. The police arrived with weapons drawn and, without a warrant, ransacked his home looking for the gun. The officers then arrested him. He was released later that day but eventually prosecuted for and convicted of unlawful gun possession. The district court construed the complaint to raise claims of an unlawful search and seizure in July 2014. Explaining that under the applicable statute of limitations Goodman had two years from then to sue, the judge ordered Goodman to explain why his suit filed in September 2016 was timely.

At first Goodman blamed lawyers for his tardiness, to no avail. He argued that several lawyers told him that he could not sue until his criminal case had ended in his favor. Later, while he was incarcerated, he could not get any more information until August 2016, when an inmate told him that he could sue *before* his criminal proceedings had ended, prompting this suit the next month. The judge was unpersuaded by this excuse and dismissed the suit as untimely, reasoning that mistakes of law do not excuse a late filing.

Six weeks after the dismissal and after Goodman had filed a notice of appeal, he unsuccessfully moved for relief from the dismissal. This time he presented a new reason for tolling: he suffers from a mental illness (posttraumatic stress disorder) that he argued was a legal disability under Illinois law. Although he takes medication for this disorder, he says that he nonetheless has suicidal thoughts and trouble "maintain[ing] prolonged focus." As a result, Goodman asserts, he needs help litigating, paying bills, responding to mail, shopping, and doing laundry. The judge, however, refused to revive the suit. He explained that Goodman was not legally disabled because even under his assertions, Goodman knew shortly after the search that he wanted to sue, and he admits that he is not "totally unable" to handle his affairs; he just needs assistance.

On appeal Goodman renews both arguments for extending the filing deadline. We start, however, with a procedural issue. After dismissing the complaint, the district court never entered a separate document of judgment. *See* FED. R. CIV. P. 58. The absence of that document meant that because 150 days from dismissal had not yet passed, *see* FED. R. CIV. P. 58(c)(2)(b), the judge could entertain Goodman's postdismissal motion as an interlocutory motion to reconsider. *See Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679

(7th Cir. 2015); *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 559 (7th Cir. 2016). It also meant that Goodman's notice of appeal became effective 150 days after the dismissal order. *See* FED. R. CIV. P. 58(c)(2)(b); FED. R. APP. P. 4(a)(2). Thus we may consider this appeal a timely challenge to both of the district court's orders.

Moving to the merits, we conclude that Goodman is not entitled to extend the two-year filing deadline. His claim accrued when the challenged search and seizure ended—in July 2014. *See Wallace v. Kato*, 549 U.S. 384, 388–91 (2007). Goodman responds that because of the bad advice he received from attorneys, he "discovered" that he could file suit only in August 2016. He is wrong. "Discovery" refers to "when the plaintiff learns that he's been injured, and by whom." *United States v. Norwood*, 602 F.3d 830, 837 (7th Cir. 2010) (referring to § 1983). Goodman's allegations show that he knew of the search and seizure when it occurred (because he was present) and that he understood he had been injured then (because he began contacting attorneys about suing). Any bad legal advice did not affect his discovery of the claim, so Goodman may not shift the consequences of that advice to the defendants. *Cf. Eskridge v. Cook County*, 577 F.3d 806, 810 (7th Cir. 2009) (reasoning that reviving a dismissed case because of an attorney's mistake "would only shift the burden" of error to the court and the defendant).

We also conclude that Goodman has not adequately asserted that he was under a legal disability that tolled the statute of limitations. Federal courts generally borrow the tolling rules from the law of the state of injury—in this case, Illinois. *See Wallace*, 549 U.S. at 394. Under Illinois law a person suffers under a legal disability if that person is "entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his estate or financial affairs." *Estate of Riha v. Christ Hosp.*, 544 N.E.2d 403, 405 (Ill. App. Ct. 1989); *see also Bloom v. Braun*, 739 N.E.2d 925, 932–33 (Ill. App. Ct. 2000). Goodman acknowledges that he decided to sue shortly after the search; his asserted difficulty was that he needed some assistance, which is not unusual among pro se litigants. Even if we accept that Goodman needs help to pay bills, litigate, and handle other personal matters, those handicaps do not establish a legal disability. "In a personal injury case, a person is not legally disabled if he or she can comprehend the nature of the injury and its implications." *See Hochbaum v. Casiano*, 686 N.E.2d 626, 631 (Ill. App. Ct. 1997). Because Goodman understood his need to sue shortly after his injury occurred and with help could manage his personal business, he was not under a legal disability that entitled him to tolling.

AFFIRMED.