## NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2018[*]
Decided September 21, 2018

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1995

| | |
|---|---|
| DONNA K. PEARSON, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 13-0319-MJR-SCW |
| BARCLAY BANK OF DELAWARE, et al., <br>     *Defendants-Appellees*. | Michael J. Reagan, <br> *Chief Judge*. |

**O R D E R**

Donna Pearson in 2014 voluntarily dismissed her suit alleging Barclay Bank (among others) had defrauded her, and the case lay dormant until 2018, when she moved to reopen it. *See* FED. R. CIV. P. 60(b). The district judge denied the motion because Pearson had not identified any ground in Rule 60(b) that justified relief, and because reopening would allow her "to gain a windfall of essentially a four year stay."

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. FED. R. CIV. P. 34(a)(2)(A).

      Pearson appeals, but the appeal is frivolous. Pearson asserts that the basis for her Rule 60(b) motion was "shock and surprise," a characterization that she does not elaborate upon. Her two-sentence motion says even less; it neither mentions Rule 60 nor hints at why she is entitled to relief. That second failure justified the court's denial of her motion. *See Nelson v. Napolitano*, 657 F.3d 586, 589–90 (7th Cir. 2011). Even if we assumed that her motion fell under Rule 60(b)(1) ("[T]he court may relieve a party … from a final judgment … for … surprise."), Pearson would have had to move for relief within the one-year period specified in Rule 60(c)(1). *Nelson*, 657 F.3d at 590. And taking things one step further, even if her motion could be construed under Rule 60(b)(6)'s "catchall" provision, the motion could not have been granted unless she presented "extraordinary circumstances," *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006), an implausible scenario given that she asked to dismiss her *own* case.

AFFIRMED