In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-3411

HAROLD JENKINS,
Lieutenant,

*Plaintiff-Appellant,*

*v.*

VILLAGE OF MAYWOOD,
JAMES COLLIER, RALPH
CONNOR, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 1520—**Matthew F. Kennelly,** *Judge.*

ARGUED MARCH 28, 2007—DECIDED NOVEMBER 5, 2007

Before POSNER, ROVNER and SYKES, *Circuit Judges.*

ROVNER, *Circuit Judge.* In December 2003, Harold Jenkins sued the Village of Maywood and several of its employees, asserting claims under Title VII and 42 U.S.C. § 1983. On March 9, 2004, the parties filed a joint stipulation (hereafter "Stipulation") for voluntary dismissal without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(ii). The district court prepared an order of dismissal on that same day, and the clerk entered the order on the docket on March 15, 2004. On March 15, 2005, Jenkins filed a nearly identical suit against the same

defendants. The defendants moved for summary judgment on the section 1983 claims, arguing that they were untimely.[1] The court granted the motion, and Jenkins appeals. We affirm.

## I.

The district court noted that section 1983 actions are governed by the appropriate state statute of limitations and its corresponding tolling rules. The applicable statute of limitations in Illinois is two years. Illinois tolling rules allow a plaintiff who voluntarily dismisses a case to commence a new action within one year or within the remaining period of limitation, whichever is greater. 735 ILCS 5/13-217. *See also* 735 ILCS 5/2-1009 (providing that the "plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause."). The question was whether the one year period referenced in section 5/13-217 commenced on March 9, 2004, when the parties filed the joint Stipulation to dismiss, or on March 15, 2004, when the clerk entered the court's order of dismissal on the docket. The district court noted that, under Illinois law, "an order issued pursuant to section 5/2-1009 is not effective, for purposes of section 5/13-217, until the clerk has entered the order into the docket." *Jenkins v. Village of Maywood, et al.*, No. 05 C 1520 (N.D. Ill. August 16, 2006). However, under the Federal Rules of Civil Procedure, no order is needed to effect a volun-

---

[1] On July 18, 2005, the district court dismissed the Title VII claim as untimely and Jenkins does not appeal that dismissal. Only the section 1983 claims are before us.

tary dismissal. Rather, Rule 41(a) provides, in relevant part, that "an action may be dismissed by the plaintiff without order of court . . . by filing a stipulation of dismissal signed by all parties who have appeared in the action." "Filing," the district court held, occurred when the Stipulation was delivered into the actual custody of the proper officer. The court found that there was no need for a clerk's entry on the docket in order for the filing to take effect. Under Rule 41(a), the dismissal was therefore effective immediately upon the filing of the joint Stipulation of dismissal, on March 9, 2004. The district court accordingly found that Jenkins had one year from March 9, 2004 in which to refile his suit. Because he failed to meet that deadline, the court found the second action untimely and granted the defendants' motion for summary judgment. On appeal, Jenkins argues that the second complaint was timely because it was filed one year to the day after the voluntary dismissal was entered of record.

## II.

"Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law." *Hardin v. Straub*, 490 U.S. 536, 538 (1989). *See also Wilson v. Garcia*, 471 U.S. 261, 266-76 (1985) (because section 1983 does not contain an express statute of limitations, federal courts use the forum state's statute of limitations for personal injury claims); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (same). In Illinois, the statute of limitations for personal injury actions is two years, and so section 1983 actions litigated in federal courts in Illinois are subject to that two year period of limitations. *Johnson*, 272 F.3d at 521; 735 ILCS 5/13-202. "In virtually all statutes of limitations the chronological length of the limitation period

is interrelated with provisions regarding tolling, revival, and questions of application." *Hardin*, 490 U.S. at 539 (*quoting Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975)). Federal courts using state limitations periods thus apply the state's "coordinate tolling rules" as well. *Hardin*, 490 U.S. at 539.

The Illinois tolling rule at issue here provides that if an action is voluntarily dismissed by the plaintiff, "then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff . . . may commence a new action within one year or within the remaining period of limitation, whichever is greater, . . . after the action is voluntarily dismissed by the plaintiff[.]" 735 ILCS 5/13-217. On March 9, 2004, the parties filed a Stipulation, signed by the lawyers for each side, that specified in its entirety:

> It is hereby stipulated by and between Plaintiff, HAROLD JENKINS, and Defendants, VILLAGE OF MAYWOOD, MAYOR RALPH CONNOR, VILLAGE MANAGER DENNIS SPARKS, CHIEF OF POLICE JAMES COLLIER, COMMANDER DONALD MOBLEY, and LIEUTENANT JOSE MAZARIEGOS, that this action shall be dismissed without prejudice, pursuant to Federal Rule 41(a)(1), with each party to bear their own costs and fees.

R.51, Ex. 4. As we noted, Rule 41(a)(1) specifies that a plaintiff may dismiss an action without an order of court by filing a stipulation of dismissal signed by all parties who have appeared in the action. The filing date stamped on the Stipulation is March 9, 2004. The Stipulation is also stamped with the notation "DOCKETED MAR 15 2004." On March 9, 2004, the district court issued an "Order of Dismissal," which was docketed on March 15, 2004. That Order purported to dismiss the case without prejudice pursuant to Rule 41. As the district court it-

self noted, the Order was superfluous because under Rule 41(a), the dismissal was effective immediately upon the filing of the Stipulation, which occurred on March 9, 2004. *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1078 (7th Cir. 1987) (a Rule 41(a) "dismissal terminates the case all by itself."); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985) (a Rule 41(a) voluntary dismissal takes effect the date the stipulation is filed in court). The plaintiff refiled the action on March 15, 2005, missing the one year deadline by six days.

Jenkins argues that under Illinois law, an action is not dismissed until the court enters an order and that order is "entered of record." In this case, the district court's order was entered on the docket on March 15, 2004. If March 15, 2004 is the date the dismissal became effective, Jenkins argues, then the refiled action was timely. If the case had been dismissed under 735 ILCS 5/2-1009, Jenkins might be correct. *See Swisher v. Duffy*, 512 N.E.2d 1207, 1210 (Ill. 1987) (where no written judgment order is required, a judgment is effective for the purposes of 735 ILCS 5/13-217 when it is entered of record). But the case was in federal court, not state court, and the Federal Rules of Civil Procedure apply in federal court. Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature[.]"). Although we borrow the statute of limitations and coordinate tolling rules from Illinois, federal procedural rules govern the determination of when the action was voluntarily dismissed. Contrary to Jenkins' claims, a rule governing dismissal is not a coordinate tolling rule. The one year tolling period set by the 735 ILCS 5/13-217 began on March 9, 2004, when, according to Federal Rule of Civil Procedure 41(a), the action was dismissed. The case refiled on March 15, 2005 was therefore untimely and the district court was correct to grant summary judgment in favor of the defendants.

AFFIRMED.

A true Copy:

     Teste:

                    _____

                    *Clerk of the United States Court of*
                      *Appeals for the Seventh Circuit*