In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-3754

THOMAS KUZNAR, as
Administrator of The Estate of
EMILIA PIASTOWSKA KUZNAR,

*Plaintiff-Appellee*,

*v.*

ANNA KUZNAR,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 11 C 9229 — **Joan Humphrey Lefkow**, *Judge*.

SUBMITTED DECEMBER 5, 2013[*] — DECIDED JANUARY 5, 2015

Before WOOD, *Chief Judge*, and SYKES and TINDER, *Circuit Judges*.

---

[*] After examining the parties' briefs and the record, we concluded that oral argument was unnecessary. The appeal was therefore submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

SYKES, *Circuit Judge*. Mieczyslaw ("Mitchell") Kuznar left his native Poland and moved to the United States, leaving his wife Emilia and their son Thomas behind. Once in America, he met and married Anna. But he never divorced Emilia, so his death intestate in 1995 set off a long-running legal battle over survivorship rights to his pension. Anna began collecting spousal benefits in 1995. Litigation commenced in 1997 when Thomas—now grown and also living in the United States—opened a probate case in Illinois state court seeking judicial administration of Mitchell's estate. Thomas was acting on his mother's behalf; Emilia remained in Poland.

The probate court eventually ruled in Emilia's favor, granting Thomas's motion for summary judgment and ordering Anna to pay Emilia the amount she had collected from Mitchell's pension fund. But Emilia died before this judgment was entered, so the Illinois Appellate Court vacated and remanded for entry of a new judgment. In 2011 Thomas opened a new case in probate court for the administration of Emilia's estate and then renewed his motion for summary judgment in the 1997 case, this time on behalf of his mother's estate.

To stave off near-certain defeat in the proceedings on remand, Anna tried a procedural gambit: She filed a notice of removal. Jurisdictional and procedural wrangling ensued. Anna's removal notice listed the 2011 probate case but attached Thomas's renewed motion for summary judgment, which she claimed was "in the nature of a complaint filed by the recently opened estate" but was mistakenly filed in the 1997 case.

While the district court tried to sort out the morass, Thomas simplified matters by filing a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. The court held the dismissal notice in abeyance to determine what exactly had been removed. At this point, and perhaps realizing that she had been outmaneuvered, Anna did an about-face, telling the judge that she had actually removed the 1997 case, not the 2011 case, and that no dismissal could be valid unless it dismissed the 1997 case in its entirety.

The district judge wasn't impressed by this argument and neither are we. Anna's initial submissions in the district court make it clear that she was attempting to remove a "new action" that she claimed was filed in the recently opened 2011 probate case. That was a doubtful characterization of Thomas's renewed motion for summary judgment, but he was entitled to accept it and voluntarily dismiss the supposed "new action" rather than dispute Anna's shifting characterization of his filings.

## I. Background

The complicated story of this unfortunate litigation begins in 1953, when Mieczyslaw Kuznar (known as "Mitchell") married Emilia Piastowska in Poland. The couple had a son named Thomas. At some point—we don't know when—Mitchell moved to the United States, leaving Emilia and Thomas behind. Mitchell later married Anna, although his marriage to Emilia was never annulled or otherwise terminated. When Mitchell died intestate in 1995, Anna began

collecting spousal survivorship benefits under his pension plan.

Emilia, still living in Poland, thought that she was entitled to the benefits. Thomas, now an adult and living in Illinois, took his mother's side in the dispute. In 1997 he opened a file in Illinois probate court seeking judicial administration of Mitchell's estate on his mother's behalf. Three years later he won a ruling that Emilia was Mitchell's surviving spouse. Litigation continued for another decade, and the probate court eventually granted Thomas's motion for summary judgment, ordering Anna to pay Emilia the amount she had received from Mitchell's pension fund. But Emilia died before the judgment was entered. Based on this procedural error—entering judgment in favor of a dead plaintiff—the Illinois Appellate Court vacated and remanded.

Thomas, sensing that victory was near, tried again. In 2011 he opened a new case in probate court for the administration of Emilia's estate. Then, as administrator of his mother's estate, he renewed his motion for summary judgment in the 1997 case, only this time on behalf of Emilia's estate rather than Emilia herself.

Anna immediately filed a notice of removal listing the 2011 case number in the caption of her notice and attaching the pleadings in the newly opened probate file. But she also attached Thomas's renewed motion for summary judgment in the 1997 case, arguing that the motion was really "the first pleading filed on behalf of a new entity"—i.e., Emilia's estate—and "[a]lthough erroneously filed as a motion (and erroneously filed under a case number and caption in which

[Emilia's] Estate is not a party), th[e] pleading is in the nature of a complaint filed by the recently opened estate." The stated jurisdictional basis for removal was diversity of citizenship and the presence of a federal question under ERISA.

The day after filing her notice of removal, Anna went back to the state court and asked for relief in the 1997 case. After entering judgment, the probate court had attached some of Anna's property because she was unable to post a bond pending appeal. With the judgment now vacated and the case returned to the probate court, Anna asked the judge to release her property from the attachment order. The judge granted this request and vacated the attachment.

Thomas responded to all these events by asking the federal court to remand the case and void the state court's postremoval order vacating the property attachment. Anna fought back, arguing that the attachment proceedings in the 1997 case had "absolutely nothing to do with the legal proceedings initiated [in 2011] by the Estate of Emilia Piastowska." She continued to insist that Thomas had "inexplicably filed what has to be viewed as a new 'complaint' with a new party and sought to 'place the complaint' under the old case number—and it is this new action which was removed and which belongs in federal court." Accusing Thomas of "crafty pleading," she reiterated that she had removed only the "new action" he initiated in 2011 in the newly opened probate file, so the state judge was free to revisit the attachment order in the 1997 case involving Mitchell's estate.

The district judge was understandably flummoxed by all of these filings and asked for supplemental briefing to clarify

what had happened in the state court. Instead of responding to the court's request and continuing to fight over the propriety of removal, Thomas chose an easier route: He voluntarily dismissed the "new action" that Anna claimed he was bringing on behalf of Emilia's estate. The judge ordered the dismissal notice "held in abeyance" to sort out the jurisdictional and procedural quagmire.

Anna vigorously challenged Thomas's maneuver. Completely changing her tune, she now insisted that the only case before the federal court was the 1997 case, *not* the 2011 case. After all, she pointed out, Thomas had filed his renewed motion for summary judgment in the 1997 case, and "having selected where and under what caption to file [the estate's] claim, [he] cannot be heard to argue now that the [1997] case is not before this Court." She continued that if Thomas's voluntary dismissal was valid, then it must be construed to dismiss the 1997 case *in its entirety*.

The district judge rejected Anna's arguments, accepted Thomas's voluntary dismissal of the 2011 "new action," and terminated the case. Anna's motion for reconsideration also failed, and she has appealed, trying to keep the fight in federal court.[2]

---

[2] Anna filed her notice of appeal within 30 days of the district court's order accepting Thomas's voluntary dismissal and terminating the case but outside the 30-day appeal deadline if measured from the date Thomas filed the notice of voluntary dismissal. Ordinarily a voluntary dismissal under Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure is self-executing and terminates the case without the need for an order from the court. *See*

(continued...)

## II. Discussion

The first and most obvious flaw in Anna's effort to secure a federal forum for this protracted dispute is her attempt to remove a motion for summary judgment. Motions aren't removable; the removal statute permits the removal of "civil actions." 28 U.S.C. § 1441. Anna's initial filings make it clear that she was asking the federal court to construe Thomas's renewed motion for summary judgment as a "new action" commenced in the 2011 case involving Emilia's estate. She claimed that this "new action" was cunningly—or at best, mistakenly—filed in the 1997 case, but urged the federal court to ignore the misfiling and construe the motion as a complaint in the 2011 case.

Anna now insists, as she did in response to Thomas's dismissal notice, that she was *really* trying to remove the 1997 case involving Mitchell's estate, so the voluntary dismissal either (1) fails because it purports to dismiss a 2011 case that isn't in federal court; or (2) actually terminates the entire 1997 case in which Thomas has been so successful. This argument contradicts Anna's initial submissions in the district court.

---

[2] (...continued)

*Smith v. Potter*, 513 F.3d 781, 782–83 (7th Cir. 2008); *Jenkins v. Village of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007). Here, however, the district court expressly held Thomas's notice of voluntary dismissal in abeyance in order to clarify which case had been removed. Once that ambiguity was removed, the court accepted the voluntary dismissal and terminated the case, and Anna appealed within 30 days of that date. The appeal is timely and our jurisdiction is secure.

In her notice of removal, Anna claimed that Thomas's motion didn't belong in the 1997 case at all, but instead had been "erroneously filed under a case number and caption in which [Emilia's] Estate is not a party." This was a crucial point in the parties' early jurisdictional skirmish while the district judge was trying to sort out what exactly had been removed. Any attempt to remove the 1997 case would have been untimely by more than a decade; removal is permitted within 30 days after the filing of the first paper showing the basis for removal, *see* 28 U.S.C. § 1446(b)(1), (3), and Anna's stated jurisdictional basis for removal—diversity of citizenship and the presence of a federal question under ERISA—was known from the start.

Indeed, in her memorandum in response to Thomas's motion to remand, Anna explained that her removal notice was timely precisely because Thomas's summary-judgment motion was in fact a "new action" in the 2011 case but was mistakenly captioned and filed in the 1997 case:

> The Plaintiff Estate (Cook County Case No. 11P 6624) was created on December 8, 2011 and its first pleading stating a claim against the Defendant was filed on December 19, 2011. …

> It is the Plaintiff which has opened an estate … creating a new entity with its own case number. … [T]he only way such an entity can pursue a claim against a third party is by filing a new action against that party … .

In other words, the 2011 action, *not* the 1997 case, was the subject of the removal.

She was even clearer in her memorandum in response to Thomas's motion to vacate the order entered by the probate judge releasing her property from attachment. That order, she explained, was entered in the 1997 case and had "absolutely nothing to do with the new legal proceedings initiated by the Estate of Emilia Piastowska [in 2011], which new proceedings were summarily removed to federal Court." She implored the district judge to ignore Thomas's "crafty pleading" and insisted that the state judge's postremoval order was valid because it was entered in the 1997 case, *not* the 2011 case that was the subject of her removal notice.

Whether Thomas's motion was properly filed in the 1997 case is a question of state procedure, not federal law, and we need not decide it. By voluntarily dismissing the "new action" that Anna insisted she had removed, Thomas acquiesced in her dubious characterization of his motion. At the time he filed his notice of voluntary dismissal, everyone agreed that the 1997 case had not been removed. The caption of Anna's removal notice listed the 2011 probate-court case number—the file Thomas had opened for the administration of his mother's estate—and the dismissal notice likewise identified the removed case using the 2011 state-court case number.

Thomas's acquiescence in Anna's characterization of his motion could not have supplied the federal court's jurisdiction, of course. Subject-matter jurisdiction cannot be created by agreement. *See, e.g.*, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). But the district court doesn't need jurisdiction over a case for a voluntary dismissal under Rule 41(a)(1)(A)(i) to be effective; the rule allows the plaintiff

to dismiss an action without court order by filing a notice of dismissal before the opposing party files an answer or a motion for summary judgment. *See Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011) (explaining that a Rule 41(a)(1)(A) notice of dismissal is self-executing and effective without further action from the court); *Smith v. Potter*, 513 F.3d 781, 782–83 (7th Cir. 2008) (same); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (explaining that a voluntary dismissal "may precede any analysis of subject matter jurisdiction because it is self-executing"). Thomas simply accepted Anna's characterization of the "new action" she said she had removed and voluntarily dismissed it rather than continuing to fight over the propriety of removal.

Anna now argues that she couldn't have removed the 2011 case because nothing had been filed against her under that case number. This argument conflicts with the position she took to get the case into federal court in the first place. Thomas was entitled to accept Anna's initial assertion that she had removed a "new action" filed in the 2011 case, however untenable that assertion might have been. After he filed his notice of voluntary dismissal, it was too late for Anna to change course and argue that she really had removed the 1997 case after all, which would have been grossly untimely in any event.

Accordingly, Thomas's voluntary dismissal under Rule 41(a)(1)(A)(i) was effective and terminated the case.

AFFIRMED.