In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 18-1892

PETER T. DVORAK,

*Plaintiff-Appellant,*

*v.*

GRANITE CREEK GP FLEXCAP I, LLC; MARK A. RADZIK; and PETER LEHMAN,

*Defendants-Appellees.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 C 9996 — **Thomas M. Durkin**, *Judge.*

---

ARGUED OCTOBER 29, 2018 — DECIDED NOVEMBER 6, 2018

---

Before BAUER, EASTERBROOK, and SCUDDER, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* A plaintiff may dismiss a federal suit without prejudice to refiling. That privilege may be used only once. "[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). Illinois follows the same rule. 735 ILCS 5/13-217.

This appeal arises from a federal-state-federal sequence: the first suit was filed in federal court and dismissed, the second was filed in Illinois court and dismissed, and the third is back in federal court. The district judge deemed the Illinois statute applicable and dismissed the third suit with prejudice. 2017 U.S. Dist. LEXIS 25211 (N.D. Ill. Feb. 23, 2017).

Rule 41(a)(1)(B) does not by itself require dismissal, because it attaches consequences only to the federal court's own acts. So if the first suit is filed in state court and dismissed, and the second is filed in federal court, then voluntary dismissal of the second suit is covered by Rule 41(a)(1)(B) and is with prejudice. But when the second suit is filed and dismissed in state court, state law determines whether that act is with or without prejudice. Still, the effect that Illinois law gives to a second dismissal depends on the proper characterization of the initial dismissal—and *that* is an issue of forum law. Federal law determines the appropriate characterization of what happens in federal court, then state law determines whether (given that characterization) the later dismissal of a state suit is with or without prejudice.

Here is the text of 735 ILCS 5/13-217 (emphasis added):

[I]f judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or *the action is voluntarily dismissed by the plaintiff*, or the action is dismissed for want of prosecution, or *the action is dismissed by a United States District Court for lack of jurisdiction*, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff … may commence a new action within one year or within the remaining period of limitation, whichever is greater … .

*Gendek v. Jehangir*, 119 Ill. 2d 338 (1988), holds that this law permits only a single refiling.

All three of Dvorak's suits contend that one or more of the defendants mishandled a capital call for a limited partnership (Granite Creek Flexcap I LP) in which he had invested. The errors allegedly caused Dvorak to lose his stake in the partnership. Dvorak's first suit, in federal court under the diversity jurisdiction, named the partnership among the defendants. His lawyer failed to investigate the citizenship of other partners and thus did not appreciate that the suit did not come within federal subject-matter jurisdiction—for Dvorak and at least one of the other partners are citizens of Florida, and in a suit under 28 U.S.C. §1332(a) a partnership has the citizenship of every partner, limited as well as general. *Carden v. Arkoma Associates*, 494 U.S. 185 (1990).

Dvorak had three choices: he could have dismissed the partnership as a defendant, he could have waited for the judge to dismiss the case for lack of jurisdiction, or he could have dismissed the whole suit. Had he elected the second option, then the dismissal for lack of jurisdiction would have fit §5/13-217, and the suit would have counted under the state's single-refiling statute. Instead he elected the third option, in which defendants concurred.

Dvorak refiled the suit in state court. A state judge dismissed one of his claims on the merits. Rather than wait for decision on his remaining claims, Dvorak dismissed the state suit and filed this third action in federal court, omitting both the partnership and the theory on which he had already lost in state court. Defendants then moved to dismiss on the ground that §5/13-217 permits one refiling, not two. Dvorak's principal response is that the first suit was dismissed

by agreement of all parties rather than by the plaintiff unilaterally and so does not count under Illinois law, which refers to an "action … voluntarily dismissed by the plaintiff".

The right way to understand what happened in the first suit depends on the law of the federal forum where it had been filed, so we reproduce the rule under which the parties stipulated to the suit's dismissal:

> **Rule 41. Dismissal of Actions**
>
> (a) VOLUNTARY DISMISSAL.
>
> > (1) *By the Plaintiff.*
> >
> > > (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> > >
> > > > (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> > > >
> > > > (ii) a stipulation of dismissal signed by all parties who have appeared.
> > >
> > > (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Dvorak insists that a stipulation of dismissal differs from a voluntary dismissal by the plaintiff, but Rule 41 tells us otherwise. Dismissal by stipulation is classified in the same place as unilateral dismissal. Rule 41(a) labels both situations as voluntary dismissals by the plaintiff.

Dvorak wants us to ignore the headings in Rule 41, but we think that they should be given the same effect as the rest of the Rule. Under the Rules Enabling Act, 28 U.S.C. §§ 2071–77, headings and text are promulgated together by the Supreme Court, on the recommendations of the Judicial Conference, the Standing Committee on Rules of Practice and Procedure, and the appropriate advisory committee. They are equally authoritative. See Charles Alan Wright & Arthur R. Miller, 4 *Federal Practice & Procedure* §1007 (3d ed. 2008). No matter the right way to treat headings in statutes, which may be added by codifiers after a law is enacted, the headings, labels, and captions in the federal rules have the same source, and same authenticity, as the text of the rules.

Suppose we throw out the captions and headings. Nothing changes, because they are accurate. See Wright & Miller, 9 *Federal Practice & Procedure* §2363. Unilateral dismissal by the plaintiff is a subset of a dismissal to which all parties agree. Both reflect the plaintiff's consent—a consent that is necessary to the disposition—and so are voluntary dismissals from the plaintiff's perspective. A dismissal is not *less* a voluntary dismissal by the plaintiff just because other parties agree that the suit should end. And so we thought in *Jenkins v. Maywood*, 506 F.3d 622 (7th Cir. 2007). We do not call *Jenkins* a holding on that point because the contested issue was not how to characterize a stipulated dismissal, but what date it should receive. Still, the court thought it obvious that a joint notice of dismissal is a kind of voluntary dismissal, because the plaintiff's consent is essential. What was an assumption in *Jenkins* becomes a holding today.

This brings us back to Illinois law, for the fact that a federal court calls a stipulated dismissal a voluntary dismissal

by the plaintiff does not necessarily make it one for the purpose of state law—and state law governs the effect of a state court's judgment. See 28 U.S.C. §1738. Whether a stipulated dismissal counts as a voluntary dismissal by the plaintiff, for the purpose of §5/13-217, is something that the Supreme Court of Illinois decided in *Gendek*. It held that a stipulated dismissal counts. Dvorak contends that *Gendek* did not really hold this, despite its language, because there had been two motions in that case: one by plaintiff alone and one by stipulation. Yet the Supreme Court of Illinois treated all-party stipulation as a voluntary dismissal by the plaintiff, and we read *Gendek* that way in *Evans v. Lederle Laboratories*, 167 F.3d 1106 (7th Cir. 1999). No court, state or federal, has understood *Gendek* any other way. It follows that the dismissal of Dvorak's first federal suit counts under §5/13-217, making the current suit his third. It is barred by §5/13-217.

Two complications require brief attention.

First, this third suit includes two defendants (Mark Radzik and Peter Lehman) who were not parties to the first suit. The district court held that both are entitled to prevail because the Illinois one-refiling statute applies with respect to all persons who could have been named in the initial suits, whether or not they were, provided that the new suit arises from the same transaction (or, equivalently, the same core of operative facts). The district court correctly applied the analysis of this subject in *Evans*. Accord, *Muhammad v. Oliver*, 547 F.3d 874, 877–78 (7th Cir. 2008). The reasoning of those decisions need not be repeated here.

Second, this suit includes one claim against Radzik that does not arise from the same transaction as the first two suits and so is not covered by the one-refiling rule or the doctrine

of claim preclusion. Radzik was the manager of Granite Creek GP Flexcap I, LLC, which was the general partner of the Granite Creek Flexcap I partnership in which Dvorak had invested. Radzik also was one of Dvorak's personal creditors. In mid-2008 Dvorak owed about $750,000 to Radzik. When the partnership issued a capital call, also for $750,000, Dvorak told Radzik that he could not satisfy both obligations and asked him what to do. According to the complaint, from which the statements in this paragraph come, Radzik told Dvorak to pay the personal debt ahead of the partnership debt. Dvorak now contends that this advice was negligent and led to the loss of his interest in the partnership. The district court dismissed this new claim as barred by the five-year statute of limitations for negligence claims in Illinois. 2018 U.S. Dist. LEXIS 48810 (N.D. Ill. Mar. 26, 2018). The claim accrued in 2008, the judge held, so Dvorak's suit in 2016 came years too late.

Dvorak contests this decision on the ground that the complaint alleges other, later wrongful acts by Radzik. According to Dvorak, when one person commits multiple wrongs the statute of limitations runs from the last of them. That is so when multiple wrongs cause a cumulative injury. See *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 345 (2002). See also, e.g., *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) (distinguishing discrete wrongs, each of which carries its own period of limitations, from acts that become wrongful only cumulatively). But Dvorak does not allege that it took multiple steps by Radzik to add up to one tort or that he suffered cumulative harm from a series of similar acts. Nor does he contend that Radzik always acted in the same capacity. Instead he alleges that in 2008 Radzik preferred his own interests over those of

both Dvorak and the partnership, and that in later years, in his capacity as the manager of the partnership's general partner, Radzik took different steps that led to other partners acquiring Dvorak's stake. These events are discrete, as are the capacities in which Radzik acted and the harms Dvorak suffered. The legal theories also are discrete: negligence for Radzik's advice in 2008 and breach of fiduciary duty for those later events in which Radzik was acting on behalf of the general partner. Illinois does not allow allegations of distinct new wrongs to extend, indefinitely, the time to sue on old ones. *Belleville Toyota*, 199 Ill. 2d at 348–49. The district court properly dismissed this claim.

AFFIRMED