# United States Court of Appeals
## For the First Circuit

No. 21-1112

VS PR, LLC,

Plaintiff, Appellee,

v.

ORC MIRAMAR CORPORATION; OSVALDO RIVERA-CRUZ; EXELIX
CONSTRUCTION, CORP.; WTB PARTNERS CORP.; DISTRICT 1, CORP.;
OSVALDO RIVERA & ASSOCIATES, P.S.C.; DT CONSULTING ENGINEERING
CORP.; ALDRE DEVELOPMENT, CORP.; JV CONSULTING ENGINEERING
CORP.,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Barron, Chief Judge,
Howard and Thompson, Circuit Judges.

Edilberto Berríos Pérez, with whom REC Law Services, PSC was
on brief, for defendants-appellants.
Herman G. Colberg-Guerra, with whom María D. Trelles-
Hernández, Pietrantoni Méndez & Álvarez LLC, Henry O. Freese
Souffront, Carmen M. Alfonso Rodríguez, and McConnell Valdés LLC
were on brief, for plaintiff-appellee.

May 13, 2022

**BARRON**, **Chief Judge**.  This appeal arises from the decision by the United States District Court for the District of Puerto Rico to dismiss <u>without</u> prejudice a collection and foreclosure action that VS PR, a limited liability corporation, brought against several defendants.  The defendants argue on appeal that the District Court should have dismissed the case <u>with</u> prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1).  We disagree, and so we affirm.

## I.

VS PR originally filed suit in the Puerto Rico Court of First Instance on August 13, 2019, against ORC Miramar Corporation, Osvaldo Rivera Cruz, Exelix Construction Corp., W.T.B. Partners Corp., District 1 Corp., Osvaldo Rivera & Associates P.S.C., DT Consulting Engineering Corp., Aldre Development Corp., and JV Consulting Engineering Corp.  VS PR alleged in the complaint in that case that the defendants had received two loans from VS PR that had been secured, in part, with real property.  VS PR asked the Court of First Instance to declare the payment obligation for the loans due and sought to foreclose on the real property that secured one of the loans.

On September 5, 2019, however, VS PR filed a notice of withdrawal, in which it requested that the Court of First Instance order the complaint withdrawn without prejudice.  The Court of

First Instance "issue[d] a Judgment granting the Plaintiff [its] withdrawal without prejudice of the suit" on November 13, 2019.

VS PR then filed the complaint that gave rise to this appeal on September 11, 2019, against the same defendants in the District of Puerto Rico in which VS PR alleged similar facts and sought the same relief. VS PR alleged that the federal court had subject matter jurisdiction over the suit pursuant to 28 U.S.C. § 1332 because the parties were completely diverse and the amount in controversy exceeded $75,000.

The defendants responded to the complaint by moving to dismiss the case for lack of subject matter jurisdiction. The defendants argued in relevant part that VS PR had not established that complete diversity between the parties existed, as required by 28 U.S.C. § 1332(a)(1), because VS PR is a limited liability corporation, such a corporation has the same citizenship as each one of its members, and VS PR had not alleged the citizenships of each of its members.

VS PR argued in response that it had alleged in its complaint that there was complete diversity between the parties, and that it had shown in a Declaration of Jurisdictional Facts that its sole member -- another limited liability corporation -- was, by virtue of the citizenships of the members of that member corporation, a citizen of Delaware, Maryland, Massachusetts, Michigan, New Jersey, New York, Pennsylvania, and Virginia.

The defendants, with permission from the District Court, filed a reply arguing that VS PR had acknowledged its complaint was insufficient to establish subject matter jurisdiction and that the Declaration of Jurisdictional Facts had "the same and additional flaws and deficiencies." The defendants pointed to specific members of the sole member of VS PR that were themselves limited liability corporations, state retirement systems, or partnerships or trusts whose citizenships VS PR had not adequately described. VS PR, also with permission from the District Court, filed a sur-reply, along with an unsworn Declaration Affirming Jurisdictional Facts.

The District Court denied the defendants' motion to dismiss for lack of jurisdiction without prejudice on September 11, 2020. The District Court at that time also directed the parties to submit a joint proposed timetable for jurisdictional discovery within a week. The District Court thereafter approved the plan the parties submitted. Following jurisdictional discovery, the defendants answered the complaint on December 1, 2020, and continued to assert that the District Court did not have diversity jurisdiction over the case.

On December 15, 2020, the defendants filed a motion in which they alleged that discovery "ha[d] yielded evidence of absence of diversity jurisdiction" following the investment of "[s]ignificant time, effort and resources" that were "devoted to

- 5 -

establish the factual and legal grounds upon which dismissal is to occur." The defendants indicated that they intended to file a counterclaim but would not do so in order to avoid "additionally burdening the Court and its valuable resources" when it was "highly probable" that the case would "be dismissed voluntarily or involuntarily." The defendants also indicated that they had instigated the "safe harbor" procedure under Federal Rule of Civil Procedure Rule 11(c)(2) to seek sanctions against VS PR.[1]

A week later, on December 22, VS PR filed a motion to dismiss the complaint voluntarily pursuant to Federal Rule of Civil Procedure 41(a)(2). The motion specifically noted that Rule 41(a)(2) provided for voluntary dismissal in cases in which "an answer or motion for summary judgment has been served." It also noted that "[u]nless otherwise ordered by the court, a dismissal under Fed. R. Civ. P. 41(a)(2) is without prejudice" (emphasis in original).[2]

---

[1] Rule 11(c)(2) provides that "[a] motion for sanctions . . . must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."

[2] Rule 41(a) provides for three forms of "Voluntary dismissal":
>    (1) By the Plaintiff.
>        (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

The defendants objected to the motion. They argued that VS PR had acknowledged that the District Court lacked subject matter jurisdiction due to a lack of complete diversity of the parties and that this "necessarily results in dismissal," such that the criteria used for determining if "the voluntary dismissal . . . is with or without prejudice" would not apply, as a dismissal for lack of subject matter jurisdiction was not an "ordinary garden variety voluntary dismissal." They further argued that the District Court not only had to dismiss the case on

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

- 7 -

that ground but also had to do so with prejudice pursuant to Rule 41(a)(1)(B).

The District Court granted VS PR's motion for voluntary dismissal pursuant to Rule 41(a)(2) and dismissed VS PR's action without prejudice. The defendants timely appealed, on the ground that the dismissal must be with prejudice.

**II.**

The defendants argue that, in consequence of the phrase "[e]xcept as provided in Rule 41(a)(1)" in Rule 41(a)(2), the requirement to dismiss an action with prejudice following a second voluntary dismissal that Rule 41(a)(1)(b) sets forth applies here, even though the voluntary dismissal that is at issue was made pursuant to a court order that did not provide for the dismissal to be with prejudice. Reviewing de novo, see, e.g., Crowley v. L.L. Bean, Inc., 361 F.3d 22, 25 (1st Cir. 2004) ("[W]e typically review the interpretation of a federal procedural rule de novo . . . ."), we disagree.[3]

---

[3] The defendants contend that because there is not complete diversity between the parties, we do not have subject matter jurisdiction to hear their appeal based on the diversity of the parties. They nonetheless contend that we do have subject matter jurisdiction based on the federal question that this appeal presents because their appeal turns on their contention that Rule 41 compels that VS PR's action be dismissed with, rather than without, prejudice. We may assume that is so, because, as we will explain, there is no merit to the defendants' appeal. Cf. Alvarado v. Holder, 743 F.3d 271, 276 (1st Cir. 2014) (noting that "we may occasionally bypass statutory jurisdiction," and "exercise 'hypothetical jurisdiction'" "when precedent clearly dictates the

The Supreme Court of the United States has explained that "[t]housands of statutory provisions use the phrase 'except as provided in . . .' followed by a cross-reference in order to indicate that one rule should prevail over another in any circumstance in which the two conflict." Cyan, Inc. v. Beaver Cty. Emps. Retirement Fund, 138 S. Ct. 1061, 1070 (2018) (ellipsis in original).  It follows that the "except as provided" phrase in Rule 41(a)(2) plainly addresses the "conflict," Cyan, 138 S. Ct. at 1070, that otherwise would exist between the bar that is set forth in paragraph (2) of Rule 41(a) to making a voluntary dismissal without a court order, see Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order" (emphasis added)), and the authorization for making a voluntary dismissal without a court order in certain circumstances that is set forth in paragraph (1) of Rule 41(a). The "except as provided" phrase does so by making clear that, notwithstanding the use of the word "only" in Rule 41(a)(2), dismissals without court orders are permitted in the circumstances provided for in Rule 41(a)(1)(A).  The "[e]xcept as provided" phrase thus does not, at least in resolving that conflict, do the work that the defendants in bringing this appeal claim that it does, because the resolution of that conflict does not implicate

result on the merits" (quoting Royal Siam Corp. v. Chertoff, 484 F.3d 139, 143 (1st Cir. 2007))).

the dismissal-with-prejudice requirement in Rule 41(a)(1) in the least.

Moreover, there is no textual basis for concluding that the "[e]xcept as provided" phrase in Rule 41(a)(2) also resolves some other conflict between the two paragraphs of Rule 41(a) that would make the dismissal-with-prejudice requirement set forth in paragraph (1) of Rule 41(a) applicable to the kind of voluntary dismissal that paragraph (2) of Rule 41(a) addresses. And that is because there is no "conflict," Cyan, 138 S. Ct. at 1070, between the two paragraphs of Rule 41(a) that implicates the dismissal-with-prejudice requirement, given that the first paragraph addresses how an action must be dismissed only following "a notice of dismissal" while the second paragraph addresses how an action must be dismissed only following a voluntary dismissal pursuant to a court order.

The defendants also fail to identify any precedent that would compel -- or even support -- their reading of Rule 41(a). In fact, the defendants acknowledge that there is no such authority from our circuit. And, while they point to Dvorak v. Granite Creek GP Flexcap I, LLC, 908 F.3d 248 (7th Cir. 2018), and Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P., 593 F. App'x 265 (5th Cir. 2014), as if each provides support for their position, neither case speaks to the proper way to dismiss an action following a voluntary dismissal pursuant to a court order under

- 10 -

Rule 41(a)(2), which is the type of voluntary dismissal that is at issue here.

The defendants do briefly gesture at an argument based on the purpose of Rule 41 by citing to a dictum in Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990), which states that "Rule 41(a)(1) was intended to eliminate 'the annoying of a defendant by being summoned into court in successive actions and then, if no settlement is arrived at, requiring him to permit the action to be dismissed and another one commenced at leisure,'" id. at 397 (quoting 2 Am. Bar Ass'n, Proceedings of the Institute on Federal Rules 350 (1938)). But, that dictum cannot overcome the text of Rule 41(a), which, as we have explained, requires that an action must be dismissed with prejudice following a voluntary dismissal pursuant to a court order only when the court order so provides. Nor are the defendants' remaining arguments of any help to them, because they address only whether the parties can stipulate that a second dismissal under Rule 41(a)(1) is without prejudice, rather than the prejudicial effect of a voluntary dismissal pursuant to a court order under Rule 41(a)(2).[4]

**III.**

**Affirmed**.

---

[4] We thus need not address VS PR's argument that we should affirm the District Court's judgment on judicial estoppel grounds.