2025 IL App (1st) 232501-U

No. 1-23-2501

Order filed August 27, 2025

THIRD DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| KATHERINE SMOLAK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS KUZNAR, as guardian of the Estate of Zuzanna Kuznar, | ) | |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | |
| (CITIBANK FEDERAL SAVINGS n/k/a CITIBANK, N.A.; UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) | No. 2017 CH 6179 |
| | ) | |
| Defendants.) | ) | |
| _____ | ) | |
| | ) | |
| THOMAS KUZNAR, as guardian of the Estate of Zuzanna Kuznar, | ) | |
| | ) | |
| Counter-Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANNA KUZNAR; KATHERINE SMOLAK, | ) | Honorable |
| | ) | Marian E. Perkins, |

Counter-Defendants-Appellees.                    )        Judge Presiding.

JUSTICE MARTIN delivered the judgment of the court.
Justices Reyes and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The notice of appeal is premature and ineffective and therefore we dismiss the appeal for lack of appellate jurisdiction.

¶ 2   This appeal arises from a mortgage foreclosure action brought by plaintiff Katherine Smolak against Thomas Kuznar (defendant) and Anna M. Kuznar.

¶ 3   Following the notice of appeal, plaintiff filed a motion to dismiss the appeal, arguing that we lacked jurisdiction to consider it. We ordered the motion taken with the case. For the reasons that follow, we grant the motion and dismiss the appeal for lack of jurisdiction.[1]

¶ 4                        I. BACKGROUND

¶ 5   Anna borrowed funds from plaintiff, her sister-in-law, to cover legal fees she was incurring in an ongoing dispute with defendant. The borrowed funds were subject to two separate mortgages, recorded November 3, 2011, and December 8, 2014, respectively. Each mortgage was secured by Anna's real property located in the 500 block of South Emerson Street, Mount Prospect, Illinois (Property).

¶ 6   After defendant obtained a judgment against Anna in their underlying dispute, defendant recorded a memorandum of judgment and asserted a lien against the Property. Defendant subsequently acquired a sheriff's deed to the Property, pursuant to the judgment. See *In re Estate of Kuznar*, 954 F. Supp. 2d 761 (N.D. Ill. 2013); *Kuznar v. Kuznar*, 775 F. 3d 892 (7th Cir. 2015).

¶ 7   On April 28, 2017, plaintiff filed a foreclosure complaint against Anna and defendant

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

seeking to foreclose the two mortgages. Plaintiff subsequently filed a motion with the trial court for entry of a consent foreclosure judgment pursuant to section 15-1402(a) of the Mortgage Foreclosure Law (735 ILCS 5/15-1402(a) (West 2018)). Section 15-1402(a) "provides that in a consent foreclosure judgment the mortgagee shall obtain title free and clear of all claims (except liens of the United States)." *Applegate Apartments Ltd. Partnership v. Commercial Coin Laundry Systems*, 276 Ill. App. 3d 433, 439 (1995). Plaintiff's motion for entry of the consent foreclosure judgment was supported by an affidavit from Anna, consenting to the judgment.

¶ 8    In response to plaintiff's foreclosure complaint, defendant filed an amended counter-complaint for declaratory judgment and other relief, alleging in part that the mortgages Anna executed in favor of plaintiff should be voided as fraudulent transfers.

¶ 9    Defendant subsequently transferred his interest in the Property to his minor daughter, Zuzanna Kuznar, through a quitclaim deed recorded June 28, 2022. When plaintiff learned of the transfer, she filed a motion to dismiss defendant as a party, on the ground that he no longer held any interest in the Property.

¶ 10    On January 23, 2023, the trial court dismissed defendant as a party, dismissed his affirmative defenses and counterclaims as moot, and granted plaintiff's motion for a consent judgment of foreclosure. The trial court held that this order was final and that it resolved all remaining issues in the case. Defendant filed a motion to reconsider. In addition, as guardian of his daughter's estate, defendant also filed a motion requesting the trial court to, among other things, substitute his daughter as a party or substitute him into the action, "to the extent appropriate."

¶ 11    The trial court entered an order on May 2, 2023, continuing defendant's motion to reconsider and denying his request to substitute. The trial court, however, permitted Zuzanna to appear and granted her leave to file a petition to intervene. Zuzanna, through her father, filed her

petition to intervene on June 15, 2023.

¶ 12    On November 30, 2023, the trial court subsequently denied defendant's motion to reconsider the order of January 23, 2023. The trial court granted Zuzanna's petition to intervene and added her as a party defendant. The matter was set for status "of Zuzanna filing an objection to the Consent Judgment."

¶ 13    Zuzanna filed a notice of appeal on December 27, 2023, appealing the January 23, 2023 order. She also appealed the portion of the May 2, 2023 order denying defendant's request for leave to substitute parties, and the portion of the November 30, 2023 order denying defendant's motion to reconsider.

¶ 14    Two days after filing her notice of appeal with this court, Zuzanna filed a postjudgment motion in the trial court objecting to the consent judgment. On January 18, 2024, she filed a postjudgment motion for substitution of judge as of right pursuant to section 2-1001(a)(2) of the Code of Civil Procedure (735 ILCS 5/2-1001(a)(2) (West 2022)). On the same date, the trial court entered an order allowing plaintiff, "and any other party wishing to do so," to file a response to the motion for substitution of judge. The trial court also continued "all other pending matters," including Zuzanna's motion objecting to the consent judgment. Plaintiff filed her response to the motion for substitution of judge on February 15, 2024.

¶ 15    On February 26, 2024, plaintiff filed a motion to dismiss Zuzanna's instant appeal, arguing that we lacked jurisdiction. On April 9, 2024, this court ordered the motion taken with the case.

¶ 16                                    II. ANALYSIS

¶ 17    Our review of the notice of appeal and appellate record demonstrate that we lack jurisdiction to consider this appeal. "The question of whether we have jurisdiction over the instant appeal presents a question of law, which we review *de novo*." *In re Marriage of Padilla*, 2022 IL

App (1st) 200815, ¶ 16. "Supreme Court Rule 303 provides that the appellate court has jurisdiction to hear an appeal in a civil case when the notice of appeal is filed within 30 days after entry of a final order." *Habitat Company, LLC v. Peeples*, 2018 IL App (1st) 171420, ¶ 15 (citing Illinois Supreme Court Rule 303 (eff. Jan. 1, 2015)).

¶ 18    A judgment or order is final "if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *In re M.M.*, 337 Ill. App. 3d 764, 771 (2003); see also *Lozman v. Putnam*, 328 Ill. App. 3d 761, 768 (2002) (an order is final if it "terminates the litigation between the parties on the merits or disposes of the rights of the parties either on the entire controversy or a definite and separate part thereof").

¶ 19    Here, the trial court entered a consent judgment of foreclosure in favor of plaintiff on January 23, 2023. Defendant filed a timely postjudgment motion to reconsider on February 21, 2023.

¶ 20    During the November 30, 2023 hearing, the trial court denied defendant's motion to reconsider, rendering the January order final and appealable. However, the trial court expressly stated that it was retaining jurisdiction to consider Zuzanna's anticipated objection to the consent judgment of foreclosure.

¶ 21    This was realized when, two days after filing her notice of appeal with our court, Zuzanna filed a timely postjudgment motion in the trial court objecting to the consent judgment, thereby invoking application of Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017). Rule 303(a)(2) provides in relevant part:

> "When a timely postjudgment motion has been filed by any party, *** a notice of appeal
>
> filed before the entry of the order disposing of the last pending postjudgment motion, ***
>
> becomes effective when the order disposing of said motion or claim is entered." Ill. S. Ct.

R. 303(a)(2) (eff. July 1, 2017); see *Heartland Bank & Trust v. The Leiter Group*, 2014 IL App (3d) 130498, ¶ 13 (citing Illinois Supreme Court Rule 303(a)(2)).

¶ 22   Zuzanna filed her notice of appeal on December 27, 2023, appealing the trial court's order granting plaintiff's motion for a consent judgment of foreclosure. Two days later, she filed a timely postjudgment motion in the trial court attacking that order. Since Zuzanna filed her notice of appeal, followed by a timely postjudgment motion, her notice of appeal was rendered premature and ineffective. See, *e.g. Chand v. Schlimme*, 138 Ill. 2d 469, 479 (1990). Therefore, we lack jurisdiction to address the merits of Zuzanna's appeal.

¶ 23                                III. CONCLUSION

¶ 24   Accordingly, for the foregoing reasons, we dismiss the instant appeal for lack of jurisdiction, and grant the motion to dismiss.

¶ 25   Appeal dismissed.